IN THE UNTIED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**NANCY COOK**                                                                                  **PLAINTIFF**

**VS.**                                                           **CAUSE NO.: 1:24-cv-52-SA-RP**

**SAFECO INSURANCE COMPANY**
**OF AMERICA, et al.**                                                 **DEFENDANTS**

**ORDER GRANTING MOTION TO STRIKE**
**PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES**

This matter is before the court on the defendant Safeco Insurance Company of America's motion to strike the plaintiff's designation of expert witnesses. ECF #36. The plaintiff has not responded to the motion and the time allowed for he to do so has passed. The court finds the motion is well taken and should be granted.

The plaintiff Nancy Cook brought this action against her home insurer Safeco seeking damages and other relief as a result of Safeco's alleged wrongful and bad faith denial of the plaintiff's policy claim for "additional living expenses" (hereinafter "ALE") incurred by her after moving out of her home due to health concerns related to the presence of black mold in the home. During discovery, the plaintiff objected to Safeco seeking information about the plaintiff's medical condition, stating that "this is not a case about her medical condition," but rather the case is about whether she is entitled to housing reimbursement under her Safeco policy. Plaintiff's Response to Defendant's First Set of Interrogatories to Plaintiff, ECF #36-3 at 1. Likewise, in response to Safeco's interrogatory requesting information about inspectors, contractors, plumbers or others who inspected, provided repair estimates and/or performed work on the property, the plaintiff objected, stating that such individuals have no knowledge of discoverable information, and that "[t]his claim is exclusively limited to the denial of the additional living expense claim and the claim of bad faith." *Id.* at 7.

Nonetheless, despite these objections, the plaintiff subsequently served a "Plaintiff's Designation of Expert Witnesses" identifying as expert witnesses 7 treating physicians who purportedly will relate the plaintiff's health problems to her living in a home that contains black mold, as well as 4 contractors who purportedly will testify about the presence of mold in the plaintiff's home and the extent of required remediation and repairs. None of these designations was accompanied by a written report signed by the expert.

Safeco now requests that the plaintiff's expert designations all be stricken based upon the plaintiff's insistence that her medical condition and the property condition and repairs are irrelevant to this action, which exclusively seeks the recovery of damages for the denial of her ALE claim. Safeco also argues that a signed, written report was required of each of the plaintiff's designated experts, including the treating physicians, whose purported opinions appear to be prepared in anticipation of litigation and who therefore should be treated as retained experts. As such, Safeco argues, the plaintiff's experts should also be stricken for failure to provide a signed, written report as required by the rules governing the disclosure of expert witnesses.

As mentioned herein above, the plaintiff has failed to respond to Safeco's motion. In the absence of any opposition by the plaintiff, the court is persuaded by Safeco's arguments and finds that its motion should be granted as unopposed pursuant to Local Uniform Civil Rule 7(b)(3)(E).

Therefore, Safeco's motion to strike the plaintiff's designation of expert witnesses [ECF #36] is GRANTED.

SO ORDERED, this the 30th day of September, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE