IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

NANCY COOK                                                                                              PLAINTIFF

v.                                                          CIVIL ACTION NO. 1:24-cv-00052-SA-RP

SAFECO INSURANCE COMPANY OF AMERICA,
A LIBERTY MUTUAL COMPANY                                                                DEFENDANT

ORDER AND MEMORANDUM OPINION

On February 9, 2024, Nancy Cook initiated this civil action by filing her Complaint [2] against Safeco in the Circuit Court of Clay County, Mississippi. On March 13, 2024, Safeco filed a Notice of Removal [1], removing the action to this Court on diversity grounds. Before the Court is Safeco's Motion to Dismiss [21] and Cook's Motion for Leave to Amend [24]. The Motions [21, 24] have been fully briefed and are ripe for review. The Court is prepared to rule.

*Relevant Factual and Procedural Background*

This lawsuit relates to a homeowner's insurance claim that Cook submitted to Safeco in 2015. In August 2015, Cook noticed that water originating from a leak in the bathroom was running onto the floor in her home. Her home was damaged, and she filed an insurance claim with her carrier, Safeco. Thereafter, Safeco retained a third-party contractor—Buzzy Visgard with A-MC Construction, Inc. ("A-MC")—to provide an estimate for repairs. Safeco then issued payment to Cook based on that estimate on August 28, 2015.

According to the Complaint [2], Cook hired A-MC to repair the damage to her home in reliance on Safeco's "endorsement" of A-MC's workmanship. [2] at p. 3. Once A-MC completed the repairs, Cook alleges that the water leak continued and mold was discovered in the bathroom area. She then notified Safeco and A-MC of the defective repairs and alleges that Safeco approved additional work to be performed by A-MC. In her Complaint [2], Cook provides detailed

allegations regarding her attempts to have A-MC remediate its faulty work to no avail. The last documented communication between Cook and A-MC was on August 14, 2017. Cook then filed suit against A-MC on July 3, 2018 in the Circuit Court of Clay County, Mississippi.[1] Safeco was not made a defendant in that case.

Cook alleges that the mold issue was caused by the original water leak and that it persisted and spread to other parts of her residence during the time she attempted to have A-MC fix the problem. She also alleges that she contracted black mold disease from continuing to live in her home during that time. By the fall of 2018, her doctors advised her to relocate to a different residence. Cook alleges that she contacted Safeco in July of 2019 "because she knew that she had obtained additional coverage for living expenses under her policy." [2] at p. 14. She alleges that Mike Owen, a representative of Safeco, told her that he would make alternative living arrangements for her; however, Owen "never assisted her with her claim for residential living expenses." *Id*. Thereafter, Cook moved out of her home. She alleges that Safeco "officially" denied her claim for additional living expenses on February 2, 2023. *Id*. at p. 15.[2]

In the instant suit, Cook brings claims against Safeco for negligence, breach of contract, and bad faith for the denial of her additional living expenses claim. In its Motion to Dismiss [21], Safeco seeks dismissal of all claims, taking the position that they are barred by the statute of limitations. After Safeco filed its Motion to Dismiss [21], Cook filed a Motion [24] to file an Amended Complaint. Cook seeks to amend an error as to the date she moved out of her residence. Both Motions [21, 24] are opposed.

---

[1] The lawsuit against A-MC is styled *Nancy Cook v. A-MC Construction, Inc.*, Cause No. 2018-0137C and is still pending in the Circuit Court of Clay County, Mississippi.
[2] The Court notes that Cook's policy with Safeco provides coverage for "additional living expense and loss of rent." While Cook describes her claim as a claim for "additional" living expenses, this appears to simply be based on the description of the coverage. Cook does not allege having received any prior payment for living expenses.

2

*Amendment Standard*

A party desiring to amend its pleading must receive written consent of the opposing party or be granted leave of court to amend. FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

"In deciding whether to grant leave to amend, the Court may consider factors such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Jones v. Gammage*, 2022 WL 601034, at *2 (N.D. Miss. Feb. 28, 2022) (quoting *Brooks v. Taylor Cnty., Tex.*, 2021 WL 3039016, at *7 (N.D. Tex. July 19, 2021)) (additional citations and internal quotations omitted). "Courts may also consider judicial efficiency and effective case management." *Jebaco, Inc. v. Harrah's Operating Co.*, 587 F. 3d 314, 322 (5th Cir. 2009). The decision whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992).

*Analysis and Discussion*

The Court will first consider Cook's Motion for Leave to Amend [24] before addressing Safeco's Motion to Dismiss [21].

As noted, Cook seeks to amend her Complaint [2] to correct the date she moved out of her home. In response, Safeco argues that the amendments to the Complaint [2] would be futile because 1) Cook's claims would be time-barred regardless of when she moved out of her home and 2) the claim is barred by the plain language of Cook's insurance policy. It provides no argument that the other factors disfavor Cook's Motion [24] being granted.

3

As to Safeco's first futility argument, the Court notes that the date of Safeco's denial of Cook's insurance claim for additional living expenses is crucial in determining whether the statute of limitations has run on Cook's claims for breach of contract and bad faith. *See Stroud v. Progressive Gulf Ins. Co.*, 239 So. 3d 516, 526 (Miss. Ct. App. 2017) ("[A] claim that an insurance agent failed to procure the coverage requested by the insured accrues and the statute of limitations begins to run, *at the very latest*, when the insured receives notice of the denial of his claim.") (emphasis in original). Relevant to this point, Cook seeks to modify paragraph 50 of her Complaint [2], which reads as follows: "Cook finally left her home on February 1, 2021, realizing that her physical condition was rapidly deteriorating. Again, she requested the additional living expenses under her policy but was denied." [2] at p. 15.

In her proposed Amended Complaint, she replaces paragraph 50 with the allegation that "Cook finally left her home on April 1, 2021, as evidenced by the apartment lease that is attached hereto as Exhibit A and incorporated herein by reference" and eliminates the allegation regarding her denied request for additional living expenses. [24], Ex. 1 at p. 1. Notably, in the Complaint [2], Cook also alleges that Safeco "officially" denied her claim for additional living expenses on February 2, 2023 after her attorney wrote a letter on her behalf. [2] at p. 15. The parties dispute when the statute of limitations began to run.

Since the filing of the Motions [21, 24], Safeco has filed a Motion for Summary Judgment [42] where it raises similar, if not identical, arguments as those raised in its Motion to Dismiss [21] and its Response [27] to Cook's Motion to Amend [24]. Pointing to allegedly inconsistent allegations in Cook's Complaint [2], proposed Amended Complaint, and deposition testimony, Safeco asserts that Cook has changed her position regarding the date she moved out of her home

multiple times throughout this litigation.[3] It also argues that Cook's deposition testimony confirms that her claims are time-barred. Giving Cook the benefit of the doubt that the statute of limitations has not run on her claims for purposes of the present Motions [21, 24] only, the Court finds it appropriate to address Safeco's arguments when ruling on its pending Motion for Summary Judgment [42] where the facts appear to be more fully developed. It is judicially efficient to do so, as it will allow the Court to resolve the parties' contentions in a single ruling with a more clearly developed record. Besides, motions to dismiss are generally disfavored and are rarely granted. *See Turner v. Pleasant*, 663 F. 3d 770, 775 (5th Cir. 2011). Accordingly, Cook will be permitted to file her proposed Amended Complaint. The Court will still consider the pending Motion for Summary Judgment [42], despite it being filed prior to the amended complaint being filed.[4] The Court will resolve that Motion [42] in due course.

*Conclusion*

For the reasons set forth above, Cook's Motion for Leave to Amend [24] is GRANTED. Cook shall file her Amended Complaint as proposed within five (5) days of today's date. The Motion to Dismiss [21] is DENIED *without prejudice*.

SO ORDERED, this the 11th day of February, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[3] Specifically, Safeco contends that Cook has provided three different dates on which she moved from her residence, including February 1, 2021; April 1, 2021; and an earlier date in 2020 testified to during her deposition.

[4] Safeco's second futility argument goes to the merits of this case and is also raised in its Motion for Summary Judgment [42]. The Court will address it at the summary judgment stage of the proceedings.